## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Stanley T. Booker, | : | **Civil Action-Law** |
| | : | |
| Plaintiff, | : | Case No.:_____ |
| | : | |
| vs. | : | Type of Pleading: |
| | : | **Complaint** |
| | : | |
| The County of Venango, | : | |
| Pennsylvania, | : | |
| | : | |
| Defendant. | : | |
| | : | |
| | : | |

## COMPLAINT

**AND NOW**, comes Plaintiff, Stanley T. Booker, and files this Complaint and avers the following:

## PRELIMINARY STATEMENT

The Plaintiff brings this action pursuant to 42 U.S.C. §1983 alleging, in part, that the Plaintiff was the subject of a discriminatory policy in violation of the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution. This policy was implemented by a Venango County decision maker and was patently designed and coordinated to silence the Plaintiff, shield fellow employees/decision makers from assaultive behavior, to prevent Plaintiff from practicing law in Venango County, and to thwart Plaintiff's attempts to expose unconstitutional conduct.  As

explained below, the circumstances that culminated over the course of a year will paint a rather disturbing picture of the internal, secretive, and disparate treatment Plaintiff was forced to endure as the only African American attorney routinely practicing law in Venango County.

## **PARTIES**

1.      Plaintiff, Stanley T. Booker (hereinafter referred to as "the Plaintiff") is a citizen of the United States and a resident of New Castle, Pennsylvania, Lawrence County with an office located at 3019 Wilmington Road, New Castle, Pennsylvania 16101.

2.      Defendant, the County of Venango, is a local governmental body and the legal entity responsible for conduct of the local judiciary and its decisionmaker, President Judge Matthew T. Kirkland.   Its official address is 1174 Elk Street, P.O. Box 831, Franklin, Pennsylvania 16323.   The County of Venango has a legal responsibility to operate according to the laws of the United States Constitution and the Commonwealth of Pennsylvania.

3.      Judge Matthew T. Kirkland (hereinafter referred to as "Judge Kirkland") is a local governmental official and at all relevant times was employed as the President/Administrative Judge through the County of Venango.   Judge Kirkland was authorized to create policies on behalf of Defendant Venango County.

At all relevant times, he was acting in his capacity as a Judge and in that capacity had a legal obligation to act in conformity with the U.S. Constitution and applicable federal and state laws. Judge Kirkland is a "person," as that term is defined in 42 U.S.C. § 1983, and, at all relevant times, acted under color of state law and in the scope, course and in furtherance of his employment with the County of Venango.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §§1331, 1343(a)(3) and (4).

5.      This Court has personal jurisdiction over the Defendant who is located in the Western District of Pennsylvania.

6.      Venue is proper in the Western District of Pennsylvania pursuant to 28 U.S.C. §1391(a) in that the Defendant is subject to personal jurisdiction within the Western District of Pennsylvania and the events that give rise to this action occurred within the Western District of Pennsylvania.

## FACTUAL BACKGROUND
### Historical Events

7. The County of Venango has historically empowered its President Judges to adopt and enforce policies on behalf of Venango County.

3

8. Former President Judge Oliver J. Lobaugh (hereinafter referred to as "Judge Lobaugh") was a President Judge in Venango County for many years and retired in April of 2022.

9. Prior to his retirement, Judge Lobaugh implemented a formal policy in violation of the Eighth Amendment of the United States' Constitution and Article, I, §13 of the Pennsylvania Constitution.

10. This policy was enforced by Magistrate Judges in Venango County, including, but not limited to, former magisterial District Judge Matthew T. Kirkland and current magisterial Judge Andrew F. Fish (hereinafter referred to as "Judge Fish").

11. A high ranking official from Venango County informed the Plaintiff of this policy.

12. This high ranking official further stated that Judge Kirkland was going to reverse the policy once he became a Common Pleas Court Judge.

13. In January of 2024, Judge Matthew Kirkland was sworn in as a Common Pleas Court Judge.

14. However, this unconstitutional policy remains in effect.

15. On several occasions prior to, and after, January of 2024, Plaintiff challenged this official policy on the record.

16. Specifically, the Plaintiff previously challenged this policy in open court in front of Judge Fish.

4

### *March 27, 2024 - Incident*

17. On March 27, 2024, Plaintiff represented Defendant Shellie Bell at case number MJ-28303-CR-000044-2024.

18. Prior to this hearing, Plaintiff asked for permission to record the proceedings which was granted by Judge Fish.

19. Halfway through the proceedings, District Attorney Shawn White asked the Court for a continuance.

20. The Court granted the request without first inquiring as to whether Plaintiff objected.

21. Judge Fish became irate and hostile when Plaintiff asked for an opportunity to respond.

22. The following statements were made by Judge Fish and preserved on recording:

    a. **JUDGE FISH**:  Well something else is different sir your coming from out of town you wanna piss around and disappear I was told an hour and a half ago you wanted a hearing and you disappear from the hearing that's uncommon too we're continued for a week do you have a problem with that sir I asking do you have a problem with the continuance. Do you have a problem with that.

    b. **JUDGE FISH**:  Well I have a problem with you, you seem to just show up here late for court we do roll call at 1:30.

    c. **JUDGE FISH**: Listen, get out of here go.  You're all done.

23. During this encounter, Judge Fish was screaming uncontrollably.

24. Judge Fish then stepped off the bench and approached Plaintiff.

25. Judge Fish hurried over to Plaintiff, got into Plaintiff's face, and pressed his chest against Plaintiff engaging in physical contact.

26. Plaintiff stepped back to avoid any further physical contact.

27. Judge Fish was sweating profusely, screaming, and acting in a threatening unprofessional nature.

28. Several witnesses observed Judge Fish's conduct including, but not limited to, Shelly Bell, law enforcement, and others.

29. On March 27, 2024, the following dialogue continued related to Plaintiff:

    a. **JUDGE FISH**: Don't leave without this.

    b. **PLAINTIFF**: I've been doing this for 21 years.

    c. **JUDGE FISH**: 21 years. Anything else you want to say.

    d. **PLAINTIFF**: I'm glad it's recording.

    e. **JUDGE FISH**: Lets stand right year then, you wanna keep talking. You have anything else you want to say.

    f. **PLAINTIFF**: I'm glad its recording. So they can hear your conduct.

30. Judge Fish then grabbed Plaintiff's cell phone and manually stopped the recording.

31. Judge Fish continued to scream, ordered the Plaintiff out of the courtroom, and followed him into the hallway.

32. Following this incident, the Plaintiff spoke with President Judge Kirkland about this incident involving Judge Fish's assaultive and unprofessional behavior.

33. The discussion between the Plaintiff and Judge Kirkland was in depth, detailed, and specified the exact circumstances surrounding Judge Fish's assault.

34. Plaintiff was assured by Judge Kirkland that he would speak with Judge Fish, remedy the situation, and implement appropriate security measures and procedures to ensure this conduct would not become repetitive.

35. Although not stated with specificity, the Plaintiff was under the impression that Judge Fish would also be reprimanded for his conduct.

36. Plaintiff was never notified, formally or informally, as to what if any measures or remedial efforts were undertaken by Judge Kirkland to assure the Plaintiff's safety and to discipline Judge Fish for his assaultive behavior.

37. Defendant Kirkland is a decisionmaker and possesses final authority to establish and implement policies on behalf of Venango County.

### *May 21, 2025*

38. On May 21, 2025, the Plaintiff represented defendant Dashawn Scott at MJ-28304-CR-000049-2025.

39. Judge Fish presided over the preliminary hearing.

40. Notably, prior to this hearing, the Plaintiff paid a court reported to transcribe the proceedings.

7

41. Following this hearing, the Plaintiff inquired of Judge Fish related to the unconstitutional policy in violation of the Eighth Amendment of the Constitution.

42. Judge Fish admitted on the record that a policy existed and that it was implemented by retired Judge Lobaugh.

43. Following this hearing, Plaintiff formally requested that this hearing be transcribed.

44. Several months later, Plaintiff had still not received the transcription.

45. On July 7, 2025, Plaintiff's staff began emailing assistant court administrator Rebecca Whitman regarding the transcript request.

46. On July 9, 2025, Plaintiff was informed that "there was a malfunction with the equipment and there is no recording of the proceedings."

47. Plaintiff later went to the Court reporter's office in Venango and was shown a summary version of the hearing in written form.

48. Judge Kirkland instructed staff not to provide Plaintiff with a copy.

49. Plaintiff was informed that a technician would be working on recovering the transcription; however, this never occurred.

## *July 10, 2025 – March 11, 2026*

50. It became rather apparent that Plaintiff was unwelcomed in Venango County and that policies were being implemented in order to thwart Plaintiff's ability to practice law in Venango County.

51. During the past several months, Judge Kirkland refused to enter the appropriate orders scheduling hearings for the Plaintiff's cases:

   a. Phillip Davis pled guilty on August 18, 2025, at case 434 of 2025, C.R., After a continuance the matter was scheduled from November 14, 2025, until Match 5, 2026. A motion to expedite sentencing was filed and sentencing was rescheduled for January 26, 2026. The Courthouse closed on January 26, 2026, and the matter failed to be rescheduled until numerous inquiries were made by Plaintiff's office;

   b. Shane Lindsey pled guilty on December 12, 2025 at case no. 555 of 2025, C.R.; no plea order filed or order scheduling sentencing;

   c. Deshawn Deeter, 564 of 2025, C.R., formal request for discovery filed on January 16, 2026, numerous inquiries were made and Defendant Kirkland failed to sign court order.

52. After the July 10, 2025 transcription request, Judge Kirkland implemented a policy whereby he would sentence the majority of Plaintiff's clients to aggravated sentences outside of the recommended guidelines notwithstanding prior agreements and recommendations between Plaintiff and the District Attorney's Office.

*March 11, 2026 – Incident*

53. On March 11, 2026, Plaintiff attended a hearing for client Dylan James Wagner at the Venango County Courthouse.

54. Probation agents drug tested Dylan Wagner prior to his hearing.

55. Plaintiff and District Attorney Kyle Peasley had negotiated a plea agreement.

56. Plaintiff proceeded into the back office to provide the plea agreement to the court staff.

57. Seated inside the office at a desk near the window was Magistrate Judge Kevin Saragian and Judge Fish.

58. Judge Fish stated that he would not accept the plea agreement because the defendant was under the influence.

59. Plaintiff responded that the results were from an inadmissible preliminary drug screen.

60. Judge Fish then began raising his voice, berating Plaintiff, and stated Plaintiff needed to do his job and stay in his place.

61. Judge Fish then stood up, aggressively approached Plaintiff who was standing three to four feet away, and bumped his chest into Plaintiff causing physical contact.

62. The Plaintiff pushed Judge Fish away to avoid any further escalation.

63. The Plaintiff did not punch, hit, or threaten Judge Fish in anyway.

64. In fact, the only statement Plaintiff made to Judge Fish was "do not put your hands on me."

65. This was witnessed by two female court staff as well as Magisterial District Judge Kevin Saragian.

66. Further, counsel received several phone calls of individuals that were seated in the nearby gallery who overheard that non-threatening language Plaintiff used to deter Judge Fish's unwanted touching.

### *Policy – March 20, 2026*

67. On March 12, 2026, the Plaintiff filed a motion to recuse Judge Fish from all of Plaintiff's cases and sent a courtesy copy to the Judge Kirkland.

68. Plaintiff did not receive a response from either Judge Fish or Judge Kirkland.

69. On March 19, 2026, Plaintiff received a letter from Judge Matthew T. Kirkland which had been forwarded to the Venango County Sheriff.

70. This letter contained a new policy that had been implemented by Judge Kirkland, an authorized decisionmaker possessing final authority to act on behalf of the County of Venango.

71. This letter stated the following in pertinent part:

> Until further notice, you shall be required to proceed through the metal detectors at the entrance of the Courthouse to be screened for prohibited items. After screening and approval from the Venango County

11

Sheriff's Department, you shall be escorted by the Sheriff's Deputy at all times throughout the Courthouse.

The continued safety of the Court, the Court staff, the general public and other departments within the Courthouse, require the above-mentioned procedures and protocols to adequately address the on-going safety concerns.  All threatening, harassing, or assaultive conduct is strictly prohibited in all Court facilities and may result in law enforcement filing criminal charges.

72. Venango County permits Attorneys and other officials to bypass security measures when entering the courthouse.

73. Although Plaintiff was permitted to bypass security, Plaintiff historically proceeded through the metal detectors prior to entry.

74. Plaintiff is the only African American attorney that routinely practices law in Venango County.

75. Non-African American attorneys and others are still authorized to by-pass security.

76. Judge Fish is a Caucasian magisterial Judge in Venango County.

77. Judge Kirkland is a Caucasian Common Pleas Court Judge in Venango County.

78. There are few minorities employed at the Venango County Courthouse, Jail, Sheriff Department, or county police departments.

79. Judge Matthew Kirkland previously served as a Magisterial District Judge in Venango County.

80. It has been witnessed that Magisterial Judge Fish and Judge Kirkland are well acquainted and socialize outside of Courthouse.

81. Judge Fish remains permitted to bypass security and is not required to have a security escort in the Venango County Courthouse.

82. Judge Fish has not been reprimanded or sanctioned and absolutely no security measures, protocols or procedures have been implemented to protect Plaintiff, the safety of the Court, the Court staff, the general public or other departments within the Courthouse.

83. Other Caucasian staff and members likewise are not required to be escorted in the courthouse.

84. This policy was implemented to retaliate against the Plaintiff who had been assaulted by Judge Fish on two separate occasions and engaged in constitutionally protected speech related to an unconstitutional policy.

85. As of the date of this filing, Judge Fish is refusing to recuse himself from Plaintiff's cases, and failing to timely respond to inquiries made related to current clients.

86. On March 23, 2026, the scope of Judge Kirkland's order was made evident.

87. On this date, Plaintiff entered the Courthouse, went through the metal detectors, yet was not permitted to proceed further.

88. Approximately ten minutes later, two deputy Sheriffs came down to escort Plaintiff.

89. When Plaintiff wanted to use the bathroom, the Sheriffs first entered and look around.

90. When Plaintiff was inside the courthouse, the Sheriff's maintained a constant visual presence, which was made known to all staff, patrons and Plaintiff's clients.

91. Plaintiff's clients were notably concerned and are considering seeking alternative counsel.

92. To the extent Plaintiff would have desired to speak privately with his clients, the Sheriffs would have been present thus preventing any confidential attorney-client communication.

## COUNT I

### VIOLATION OF 42 U.S.C. §1983 (FOURTH AND FOURTEENTH AMENDMENT – EXCESSIVE FORCE ) (Plaintiff vs. Defendant Venango County)

93. The Plaintiff incorporates by reference the allegations of preceding paragraphs one (1) through ninety-two (92) as though set forth at length herein.

94. The Fourteenth Amendment provides in relevant part that "[n]o State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or

14

property without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

95. The Defendant, Venango County, by and through their agents and employees, *i.e.*, Judge Andrew Fish, acting under color of state law, acted willfully, knowingly, and purposefully, with the intent to deprive the Plaintiff of his rights, privileges and immunities secured by the Constitution and the laws of the United States, in violation of 42 U.S.C. §1983.

96. Local municipalities and governmental bodies are "persons" under Section 1983.

97. The City of Venango is liable for the violations of Plaintiff's Fourteenth Amendment rights because it executed a policy and/or custom and/or practice and/or failed to adequately train and supervise Judge Fish.

98. Liability against a governmental unit may exist under Section 1983 where a Plaintiff's constitutional rights were violated based on a governmental custom, even if the custom has not been formally sanctioned.

99. The County of Venango failed to properly train their agent, servant, partners, employee, invitee, and/or representative on how to maintain an orderly, secure, safe, and peaceful condition for invitees, patrons, and the general public.

100. The County of Venango failed to protect the Plaintiff from the acts of their agent, servant, workmen, invitee, employee, and/or representative, which defendant knew or should have known were likely to occur.

101. The County of Venango failed to obtain and act appropriately upon information regarding previous complaints, abuse, or aggressive behavior by its employee.

102. The County of Venango failed to undertake proper and adequate steps to maintain a peaceable atmosphere and minimize the likelihood of such an attack which occurred to Plaintiff.

104. The County of Venango failed to provide proper supervision, oversight, direction, and control over their employees.

105. The County of Venango knew, had reason to know, or should have known that its agent and/or employee had a record of dangerous and reckless behavior which caused unreasonable risk of physical harm to the Plaintiff.

106. The failure to supervise and train showed a "deliberate indifference" to the rights of persons with whom Judge Fish would come into contact.

107. Plaintiff had clearly established rights at the time of the complained of conduct and (2) the right to bodily integrity and to be free from excessive force under the Fourteenth Amendment.

16

108. Judge Fish was a state actor and utilized excessive force in assaulting the Plaintiff.

109. Defendant County of Venango knew or should have known of these rights at the time of the complaint of conduct as they were clearly established at the time.

110. The acts or omissions of the Defendant, as described herein, deprived Plaintiff of his constitutional and statutory rights and caused him other damages.

111. The Defendant is not entitled to qualified immunity for the complained of conduct.

112. The deliberately indifferent training and supervision provided by Defendant resulted from a conscious or deliberate choice to follow a course of action from various alternatives available to Defendant were moving forces in the constitutional and federal violation injuries complained of by Plaintiff.

113. As a direct result of Defendant County of Venango and Judge Fish's unlawful conduct, Plaintiff has suffered actual physical and emotional injuries, and the damages and loses as described herein entitling him to compensatory and special damages, in amounts to be determined at trial.

114. As a further result of Defendant's unlawful conduct, it is anticipated that Plaintiff will incurred special damages, including medically related expenses and may continue to incur further or special damages and related expenses, in amounts to be established at trial.

17

115. On information and belief, Plaintiff may suffer lost future earnings and impaired earnings capacities from the not yet fully ascertained injury to his lower back, in amounts to be ascertained in trial.

116. Plaintiff is further entitled to attorneys' fees and cost pursuant to 42 U.S.C. §1988, pre-judgment interest and costs as allowable by federal law.

WHEREFORE, Plaintiff respectfully request judgment against the Defendant for monetary and compensatory damages in an amount in excess of the jurisdictional limit of said Court, plus court costs, interest, attorneys' fees, declaratory and prospective injunctive relief, and other damages as the Court deems appropriate.

## COUNT II

### VIOLATION OF 42 U.S.C. §1983 (VIOLATION OF FOURTEENTH AMENDMENT – EQUAL PROTECTION CLAUSE) (Plaintiff vs. Defendant Venango County)

117. The Plaintiff incorporates by reference the allegations of preceding paragraphs one (1) through one hundred and sixteen (116) as though set forth at length herein.

118. The Fourteenth Amendment provides in relevant part that "[n]o State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or

property without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

119. The Defendant, Venango County, by and through their agents and employees, acting under color of state law, acted willfully, knowingly, and purposefully, with the intent to deprive the Plaintiff of his rights, privileges and immunities secured by the Constitution and the laws of the United States, in violation of 42 U.S.C. §1983, particularly, they deprived Plaintiff of his Fourteenth Amendment Equal Protection rights.

120. Local municipalities and governmental bodies are "persons" under Section 1983.

121. The County of Venango is liable for the violations of Plaintiff's Fourteenth Amendment rights because it executed a policy and/or custom and/or practice by decision maker Judge Matthew Kirkland who was authorized to implement policies on behalf of the County of Venango.

122. Liability against a governmental unit may exist under Section 1983 where a Plaintiff's constitutional rights were violated based on a governmental custom, even if the custom has not been formally sanctioned.

123. Plaintiff is an African American and a member of a protected class.

124. Plaintiff received differential treatment and was treated differently than members not in a protected class that were similarly situated.

19

125. The policy implemented by Judge Kirkland was the product of purposeful discrimination and demonstrates that Plaintiff received different treatment than Caucasian patrons and employees who were similarly situated.

126. The selective treatment of Plaintiff was motivated by an intention to discriminate against him on the basis of race.

127. The selective treatment of Plaintiff was malicious or in bad faith with the intent to injure the Plaintiff.

128. The policy implemented by Judge Kirkland only applies to the Plaintiff an African American.

129. The Defendant acted with malice, willful and wanton conduct and/or acted with reckless disregard for Plaintiff's federally protected constitutional and civil rights, thereby subjecting Defendant to punitive damages.

130. As a direct and proximate result of the unlawful conduct of the Defendant as aforesaid, Plaintiff has suffered and will continue to suffer irreparable injury, including but not limited to humiliation, significant psychological and emotional trauma and monetary damages.

131. As a direct result and proximate result of the unlawful conduct of the Defendant, Plaintiff has suffered actual physical and emotional injuries and other damages and losses as described herein entitling him to compensatory and special damages, in amounts to be determined at trial.

132. On information and belief, Plaintiff may suffer further lost future earnings and impaired earnings capacities from the not yet fully ascertained back injury, in amounts to be ascertained in trial.

133. Plaintiff is further entitled to attorneys' fees and cost pursuant to 42 U.S.C. §1988, pre-judgment interest and costs as allowable by federal law.

**WHEREFORE**, Plaintiff requests judgment against the Defendant for monetary and compensatory damages in an amount in excess of the jurisdictional limits of said Court, plus court cost, interest, attorneys' fees, declaratory and prospective injunctive relief, and other damages as the Court deems appropriate.

## COUNT III

### FIRST AMENDMENT RETALIATION
### (Plaintiff vs. The County of Venango)

134. The Plaintiff incorporates by reference the allegations of preceding paragraphs one (1) through one hundred and thirty-three (133) as though set forth at length herein.

135. The Defendant implemented a policy to retaliate against the Plaintiff for making a formal complaint against a Judge Fish.

136. The Defendant implemented a policy to retaliate against the Plaintiff for engaging in constitutionally protected speech that involved a violation of the Eighth Amendment of the United States' Constitution.

137. The Plaintiff's statements were protected First Amendment activity.

138. The Defendant's retaliation was unlawful, objectively unreasonable, and would chill an ordinary person in the exercise of his First Amendment rights.

139. The Plaintiff suffered damages as a result of Defendant's conduct.

140. The Defendant acted willfully, knowingly, and purposefully and/or with deliberate indifference to deprive the Plaintiff of his constitutional rights.

141. As a result of the nature of Defendant's conduct, the Plaintiff is entitled to recover punitive damages against the Defendant.

**WHEREFORE**, Plaintiff respectfully request judgment against the Defendant for monetary and compensatory damages in an amount in excess of the jurisdictional limit of said Court, plus court costs, interest, attorneys' fees, declaratory and prospective injunctive relief, and other damages as the Court deems appropriate.

## COUNT IV

### FOURTEENTH AMENDMENT – LIBERTY INTEREST IN REPUTATION
### (Plaintiff vs. County of Venango)

142. The Plaintiff incorporates by reference the allegations of preceding paragraphs one (1) through one hundred and forty-one (141) as though set forth at length herein.

143. The Plaintiff was assaulted by Judge Fish on two separate occasions.

144. The Defendant established a policy to discriminate against the Plaintiff.

22

145. The Defendant informed all County agencies that Plaintiff was a danger to the Court staff, the general public and other departments within the courthouse.

146. The Defendant inferred that the Plaintiff had engaged in threatening, harassing, and assaultive behavior.

147. The public notification was forwarded to Venango County Sheriffs, and the notification was shared with all the staff in the Courthouse.

148. The notification was substantially and materially false.

149. The Defendant caused damages to Plaintiff including embarrassment, humiliation, mental and emotional distress, and loss of earning capacity.

150. The Defendant acted willfully, knowingly, and purposefully and/or with deliberate indifference to deprive the Plaintiff of his constitutional rights.

151. As a result of the nature of the Defendant's conduct, the Plaintiff is entitled to recover punitive damages against the Defendant.

152. The actions of the Defendant occurred as a result of a written policy.

**WHEREFORE**, Plaintiff respectfully request judgment against the Defendant for monetary and compensatory damages in an amount in excess of the jurisdictional limit of said Court, plus court costs, interest, attorneys' fees, declaratory and prospective injunctive relief, and other damages as the Court deems appropriate.

## PRAYER FOR RELIEF

**WHEREFORE**, in light of the foregoing, the Plaintiff respectfully requests the following relief:

(a) a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202 and 42 US.C. §1983 declaring the policy adopted by Venango County and against the Plaintiff is  unconstitutional;

(b) nominal, compensatory, treble, and punitive damages in an amount to be proven at trial;

(c) an order awarding the Plaintiff the costs incurred in this litigation including attorney's fees pursuant to 42 U.S.C. §1988; and,

(d) such other relief as the Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, the Plaintiff demands a jury on all issues.

Respectfully submitted,

*/s/ Stanley T. Booker*

_____

Stanley T. Booker
PA ID No.: 93435
3019 Wilmington Road
New Castle, PA 16105

24