## IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **Stanley T. Booker**, | : | **Civil Action-Law** |
| | : | |
| **Plaintiff**, | : | Case No.:1:26-cv-00080-CB |
| | : | |
| vs. | : | Type of Pleading: |
| | : | **FIRST AMENDED COMPLAINT** |
| **Matthew T. Kirtland, in his official** | : | |
| **and individual capacity, Eric Foy, in his** | : | |
| **official and individual capacity, and the** | : | |
| **County of Venango,** | : | |
| | : | |
| **Defendants**. | : | |
| | : | |
| | : | |

### FIRST AMENDED COMPLAINT

**AND NOW**, comes Plaintiff, Stanley T. Booker, and files this FIRST AMENDED COMPLAINT pursuant to the Federal Rules of Civil Procedure §15(1)(A)-(B) and avers the following:

### PRELIMINARY STATEMENT

The Plaintiff brings this action pursuant to 42 U.S.C. §1983 alleging, in part, that the Plaintiff was the subject of a discriminatory policy in violation of the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution. This policy was implemented by Venango County decision makers and was patently designed to violate the Plaintiff's Constitutional Rights.

### PARTIES

1.     Plaintiff, Stanley T. Booker, (hereinafter referred to as "the Plaintiff") is a citizen of the United States and a resident of New Castle, Pennsylvania, Lawrence County with an office located at 3019 Wilmington Road, New Castle, Pennsylvania 16105.

2.     Defendant, the County of Venango, (hereinafter referred to as "Defendant Venango"), is a local governmental body and the legal entity responsible for conduct of the local judiciary and its decisionmaker, Sheriff Eric Foy.  Its official address is 1174 Elk Street, P.O. Box 831, Franklin, Pennsylvania 16323.  The County of Venango has a legal responsibility to operate according to the laws of the United States Constitution and the Commonwealth of Pennsylvania.

3.     Defendant, Judge Matthew T. Kirtland, (hereinafter referred to as "Defendant Kirtland") is a state official and at all relevant times was employed as the President/Administrative Judge through the County of Venango.  At all relevant times, he was acting in his capacity as a Judge, albeit implementing non-judicial policies, and in that capacity had a legal obligation to act in conformity with the U.S. Constitution and applicable federal and state laws. Defendant Kirtland is a "person," as that term is defined in 42 U.S.C. § 1983, and, at all relevant times, acted under color of state law and in the scope, course and in furtherance of his employment with either the State of Pennsylvania and/or the County of Venango.

4.     Defendant, Eric Foy, ("hereinafter referred to as "Defendant Foy") is a Venango County Sheriff, and an elected county official, who at all relevant times was employed as a decision maker on behalf of Venango County. Defendant Foy was authorized to create policies on behalf of Defendant Venango County.  At all relevant times, he was acting in his capacity as a Sheriff and in that capacity had a legal obligation to act in conformity with the U.S. Constitution and applicable federal and state laws. Defendant Foy is a "person," as that term is defined in 42 U.S.C. § 1983, and, at all relevant times, acted under color of state law and in the scope, course and in furtherance of his employment with the County of Venango.

**JURISDICTION AND VENUE**

5.    This Court has jurisdiction over this action pursuant to 28 U.S.C. §§1331, 1343(a)(3) and (4).

6.    This Court has personal jurisdiction over the Defendants who are located in the Western District of Pennsylvania.

7.    Venue is proper in the Western District of Pennsylvania pursuant to 28 U.S.C. §1391(a) in that the Defendants are subject to personal jurisdiction within the Western District of Pennsylvania and the events that give rise to this action occurred within the Western District of Pennsylvania.

**FACTUAL BACKGROUND**

8.   The Plaintiff has practice law in the State of Pennsylvania since 2004 and has remained in good standing.

9.   The Plaintiff has never engaged in any aggressive behavior directed towards staff, judges, or the general public at large.

10. The Plaintiff has never before raised a claim of discrimination.

11. The County of Venango has historically empowered its President Judges to adopt and enforce policies on behalf of Venango County.

12. Former President Judge Oliver J. Lobaugh (hereinafter referred to as "Judge Lobaugh") was a President Judge in Venango County for many years and retired in April of 2022.

13. Prior to his retirement, Judge Lobaugh implemented a formal policy in violation of the Eighth Amendment of the United States' Constitution and Article, I, §13 of the Pennsylvania Constitution to deny defendant's bond.

14. This policy was enforced by Magistrate Judges in Venango County, including, but not limited to, former magisterial District Judge Matthew T. Kirtland "Defendant Kirtland" and current Magisterial Judge Andrew F. Fish (hereinafter referred to as "Judge Fish").

15. A high ranking official from Venango County informed Plaintiff of this policy.

16. This high ranking official further stated that Defendant Kirtland was going to reverse the policy once he became President Judge.

17. In January of 2024, Defendant Kirtland was sworn in as a Common Pleas Court Judge.

18. However, this unconstitutional policy remains in effect.

19. On several occasions prior to, and after, January of 2024, Plaintiff challenged this unconstitutional policy on the record and the events that transpired thereafter were directly related.

### *March 27, 2024 - Incident*

20. On March 27, 2024, Plaintiff represented Defendant Shellie Bell at case number MJ-28303-CR-000044-2024.

21. Prior to this hearing, Plaintiff asked for permission to record the proceedings which was granted by Judge Fish.

22. Halfway through the proceedings, District Attorney Shawn White of Venango County asked the Court for a continuance.

23. The Court granted the request without first inquiring as to whether Plaintiff objected.

24. Judge Fish became irate and hostile when Plaintiff asked for an opportunity to respond.

25. The following statements were made by Judge Fish and preserved on recording:

   a. **JUDGE FISH**:  Well something else is different sir your coming from out of town you wanna piss around and disappear I was told an hour and a half ago you wanted a hearing and you disappear from the hearing that's uncommon too we're continued

for a week do you have a problem with that sir I asking do you have a problem with the continuance. Do you have a problem with that.

b. **JUDGE FISH**:  Well I have a problem with you, you seem to just show up here late for court we do roll call at 1:30.

c. **JUDGE FISH**: Listen, get out of here go.  You're all done.

26. During this encounter, Judge Fish was screaming uncontrollably, stepped off the bench, and  hurriedly approached Plaintiff.

27. Judge Fish positioned his body within inches of the Plaintiff's face and pressed his chest against Plaintiff engaging in physical contact.

28. Plaintiff stepped back to avoid any further physical contact.

29. Several witnesses observed Judge Fish's conduct including, but not limited to, Shelly Bell, law enforcement, and others.

30. On March 27, 2024, the following dialogue continued related to Plaintiff:

a. **JUDGE FISH**:  Don't leave without this.

b. **PLAINTIFF**:  I've been doing this for 21 years.

c. **JUDGE FISH**: 21 years. Anything else you want to say.

d. **PLAINTIFF**:  I'm glad it's recording.

e. **JUDGE FISH**:  Lets stand right year then, you wanna keep talking.  You have anything else you want to say.

f. **PLAINTIFF**:  I'm glad its recording. So they can hear your conduct.

31. Judge Fish then grabbed Plaintiff's cell phone and manually stopped the recording.

32. Judge Fish continued to scream, ordered the Plaintiff out of the courtroom, and followed him into the hallway.

33. Following this incident, the Plaintiff spoke with Defendant  Kirtland about this incident involving Judge Fish's assaultive and unprofessional behavior.

34. The discussion between the Plaintiff and Defendant Kirtland was in depth, detailed, and specified the exact circumstances surrounding Judge Fish's assault.

35. Plaintiff was assured by Defendant Kirtland that he would speak with Judge Fish, remedy the situation, and implement appropriate security measures and procedures to ensure this conduct would not become repetitive.

36. Plaintiff was never thereafter notified, formally or informally, as to what if any measures or remedial efforts were undertaken by Defendant Kirtland to assure the Plaintiff's safety and to discipline Judge Fish for his assaultive behavior.

### *May 21, 2025*

37.  On May 21, 2025, the Plaintiff represented a Defendant named Dashawn Scott at case number: MJ-28304-CR-000049-2025.

38.  Judge Fish presided over this proceeding.

39. Prior to this hearing, the Plaintiff paid a court reported to transcribe the proceedings.

40. During this hearing, the Plaintiff inquired of Judge Fish whether an unconstitutional policy existed in Venango County implemented to violated Defendants' rights under the Eighth Amendment of the United States' Constitution.

41. Judge Fish acknowledged the same on the record and admitted that a policy existed and was implemented by retired Judge Lobaugh.

42. Judge Fish acknowledged that he was currently following this policy in deny bond to numerous defendants in Venango County.

43. Following this hearing, Plaintiff formally requested that this hearing be transcribed.

44. Several months later, Plaintiff had still not received the transcription.

6

45. On July 7, 2025, Plaintiff's staff began emailing assistant court administrator Rebecca Whitman regarding the transcript request.

46. On July 9, 2025, Plaintiff was informed that "there was a malfunction with the equipment and there is no recording of the proceedings."

47. Plaintiff later went to the Court reporter's office in Venango and was shown a summary version of the hearing in written form.

48. Judge Kirtland instructed staff not to provide Plaintiff with a copy as it was not a verbatim transcription.

49. Plaintiff was informed that a technician would be working on recovering the official transcription; however, this never occurred.

### *July 10, 2025 – March 11, 2026*

50. It became rather apparent that Plaintiff was unwelcomed in Venango County and that policies were being implemented in order to thwart Plaintiff's ability to practice law in the area.

51.  After the July 10, 2025 transcription request, and Plaintiff challenging an unconstitutional policy on the record, Judge Kirtland refused to enter the appropriate orders scheduling hearings for the Plaintiff's cases:

    a. Phillip Davis pled guilty on August 18, 2025, at case 434 of 2025, C.R., After a continuance the matter was scheduled from November 14, 2025, until Match 5, 2026. A motion to expedite sentencing was filed and sentencing was rescheduled for January 26, 2026. The Courthouse closed on January 26, 2026, and the matter failed to be rescheduled until numerous inquiries were made by Plaintiff's office;

    b. Shane Lindsey pled guilty on December 12, 2025 at case no. 555 of 2025, C.R.; no plea order filed or order scheduling sentencing;

    c. Deshawn Deeter, 564 of 2025, C.R., formal request for discovery filed on January 16, 2026, numerous inquiries were made and Defendant Kirtland failed to sign court order.

52.  After the July 10, 2025 transcription request, and Plaintiff challenging an unconstitutional policy on the record, Defendant Kirtland implemented a policy whereby he would sentence the majority of Plaintiff's clients to aggravated sentences outside of the recommended guidelines notwithstanding prior agreements and recommendations between Plaintiff and the District Attorney's Office.

### *March 11, 2026 – Incident*

53. On March 11, 2026, Plaintiff attended a hearing for client Dylan James Wagner at the Venango County Courthouse.

54.  Probation agents drug tested Dylan Wagner prior to his hearing.

55. Plaintiff and Assistant District Attorney Kyle Peasley negotiated a plea agreement.

56. Plaintiff proceeded into the back office to provide the plea agreement to the court staff.

57. Seated inside the office at a desk near the window was Magistrate Judge Kevin Saragian and Judge Fish.

58. Judge Fish stated that he would not accept the plea agreement because the defendant, Dylan Wagner, was under the influence.

59. Plaintiff responded that the results were from an inadmissible preliminary drug screen that had not yet been confirmed.

60. Judge Fish then began raising his voice, berating Plaintiff, and stated Plaintiff needed to do his job and stay in his place.

61. Judge Fish then stood up, aggressively approached Plaintiff who was standing three to four feet away, and bumped his chest into Plaintiff causing physical contact.

62. The Plaintiff pushed Judge Fish away to avoid any further escalation.

8

63. The Plaintiff did not punch, hit, or threaten Judge Fish in anyway.

64. In fact, the only statement Plaintiff made to Judge Fish was "do not put your hands on me."

65. This was witnessed by two female court staff as well as Magisterial District Judge Kevin Saragian.

66. Further, several witnesses  seated in the nearby gallery overheard the non-threatening language Plaintiff used to deter Judge Fish's unwanted assault.

### *Policy – March 20, 2026*

67. On March 12, 2026, the Plaintiff filed a motion to recuse Judge Fish from all of Plaintiff's cases and sent a courtesy copy to the Defendant Kirtland.

68. Plaintiff did not receive a response from either Judge Fish or Defendant Kirtland.

69. On March 19, 2026, Plaintiff received a letter from Defendant Kirtland which had been forwarded to the Venango County Sheriff.

70. This letter, and/or the information contained therein, was subsequently shared with numerous departments inside of the Venango County Courthouse and others.

71. This letter contained a non-judicial policy that had been implemented by Defendant Kirtland, a state employee who was contemporaneously acting as an authorized decisionmaker possessing final authority to act on behalf of the County of Venango.

72. This letter stated the following in pertinent part:

> Until further notice, you shall be required to proceed through the metal detectors at the entrance of the Courthouse to be screened for prohibited items.  After screening and approval from the Venango County Sheriff's Department, you shall be escorted by the Sheriff's Deputy at all times throughout the Courthouse.
>
> The continued safety of the Court, the Court staff, the general public and other departments within the Courthouse, require the above-mentioned procedures and protocols to adequately address the on-going safety concerns.  All threatening,

9

harassing, or assaultive conduct is strictly prohibited in all Court facilities and may result in law enforcement filing criminal charges.

73. Venango County routinely permits Attorneys and other officials to bypass security measures when entering the courthouse.

74. Although Plaintiff was historically permitted to bypass security, he nevertheless proceeded through the metal detectors prior to entry.

75. Plaintiff is the only African American attorney that routinely practices law in Venango County.

76. Non-African American attorneys and others are still authorized to by-pass security.

77. Judge Fish is a Caucasian magisterial Judge in Venango County.

78. Defendant Kirtland is a Caucasian Common Pleas Court Judge in Venango County.

79. There are few minorities employed at the Venango County Courthouse, Jail, Sheriff Department, or county police departments.

80. Defendant Kirtland previously served as a Magisterial District Judge in Venango County.

81. It has been witnessed that magisterial Judge Fish and Defendant Kirtland are well acquainted.

82. Judge Fish remains permitted to bypass security and is not required to have a security escort in the Venango County Courthouse.

83. Judge Fish has not been reprimanded or sanctioned and absolutely no security measures, protocols or procedures have been implemented to protect Plaintiff, the safety of the Court, the Court staff, the general public or other departments within the Courthouse.

84. Other Caucasian staff and members likewise are not required to be escorted in the courthouse.

10

85. This policy was implemented to retaliate against the Plaintiff who had been assaulted by Judge Fish on two separate occasions and/or for engaging in constitutionally protected speech related to an unconstitutional policy imposed by Venango County which violated the 8th Amendment by denying defendant's bond based upon an unconstitutional policy implemented by former Judge Lobaugh.

86. As of the date of this filing, Judge Fish is refusing to recuse himself from Plaintiff's cases, and failing to timely respond to inquiries made related to current clients.

### *Policy March 23, 2026 – March 30, 2026*

87. The March 19, 2026, letter was sent to Defendant Foy.

88. Defendant Foy is an elected official and Sheriff of Venango County.

89. Defendant Foy is a local county official and a final decision maker.

90. Defendant Foy adopted Defendant Kirtland's unconstitutional, non-judicial policy and implemented additional policies related specifically to the Plaintiff.

91. Defendant Foy implemented a policy that required the deputy sheriffs to seize the Plaintiff while inside of the courthouse, not permit him to exit the courthouse when he chose, and restricted the Plaintiff to a courtroom until the courtroom was cleared.

92. On March 23, 2026, the Plaintiff entered the Courthouse, went through the metal detectors, yet was not permitted to proceed further.

93. Approximately ten minutes later, two deputy Sheriffs came down to escort Plaintiff.

94. When Plaintiff wanted to use the bathroom, the Sheriffs first entered the restroom and looked inside to ensure that the Plaintiff had not previously discarded contraband.

11

95. When Plaintiff was inside the courthouse, the Sheriff's maintained a constant visual presence, which was made known to all staff, patrons, and Plaintiff's clients.

96. Plaintiff's clients were notably concerned and considered seeking alternative counsel.

97. To the extent Plaintiff would have desired to speak privately with his clients outside the courtroom, the Sheriffs would have been present thus preventing any confidential attorney-client communication.

98. On March 25, 2025, the Plaintiff was at the Venango County Courthouse.

99. The Deputy Sheriff's again escorted the Plaintiff throughout the Courthouse.

100.     When the Plaintiff attempted to leave the Courtroom he was detained and ordered to remain.

101.     The deputy sheriff was instructed by Defendant Roy to detain the Plaintiff and to call other deputy sheriffs to escort the Plaintiff before he was permitted to leave the courtroom.

102.     After some time, a deputy sheriff arrived and the Plaintiff was permitted to exit the courtroom while being closely monitored and escorted by a deputy sheriff.

103. On March 30, 2026, a hearing was held on Plaintiff's motion to recuse Defendant Kirtland.

104. When the hearing was completed, the Plaintiff was not permitted to exit the courtroom.

105. The District Attorney, Assistant District Attorneys, the Judge and Court staff were permitted to leave prior to the Plaintiff being allowed to exit.

106. After leaving the bench, Defendant Kirtland stopped, looked in the direction of the Plaintiff, and smirked while observing the Plaintiff being detained by the deputy sheriffs, the appearance of which demonstrated his acquiescence to Plaintiff's detention.

**COUNT I**

**VIOLATION OF 42 U.S.C. §1983 (VIOLATION OF FOURTEENTH AMENDMENT – EQUAL PROTECTION CLAUSE)**

**(Plaintiff vs. Defendant Kirtland)**

107. The Plaintiff incorporates by reference the allegations of preceding paragraphs one (1) through one hundred and six (106) as though set forth at length herein.

108. The Fourteenth Amendment provides in relevant part that "[n]o State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

109. Defendant Kirtland, acting in his official capacity as a decision maker and president of the Venango County security committee pursuant to 210 Pa. Code Rule §1954, willfully, knowingly, and purposefully, with the intent to deprive the Plaintiff of his rights, privileges and immunities secured by the Constitution and the laws of the United States, in violation of 42 U.S.C. §1983, deprived Plaintiff of his Fourteenth Amendment Equal Protection rights.

110. Defendant Kirtland, a decision maker, authorized by a long-standing policy of Defendant Venango County which permitted state judges to enact local policies, willfully, knowingly, and purposefully, with the intent to deprive the Plaintiff of his rights, privileges and immunities secured by the Constitution and the laws of the United States, in violation of 42 U.S.C. §1983, deprived Plaintiff of his Fourteenth Amendment Equal Protection rights.

111. Defendant Kirtland, individually, willfully, knowingly, and purposefully, with the intent to deprive the Plaintiff of his rights, privileges and immunities secured by the Constitution and the laws of the United States, in violation of 42 U.S.C. §1983, executed a non-judicial policy designed

13

to deprived Plaintiff of his Fourteenth Amendment Equal Protection rights to where absolute immunity does not apply.

112. This policy was not associated with any particular case and was a standing order of indefinite duration.

113. Defendant Kirtland is not entitled to qualified immunity as the policy was unreasonable and violated Plaintiff's clearly established constitutional rights.

114. Plaintiff is an African American and a member of a protected class.

115. The policy implemented by Defendant Kirtland, individually, and as decision makers on behalf of Venango County, was the product of purposeful discrimination and demonstrates that Plaintiff received different treatment than Caucasian patrons and employees who were similarly situated.

116. The selective treatment of Plaintiff was motivated by an intention to discriminate against him on the basis of race.

117. The selective treatment of Plaintiff was malicious or in bad faith with the intent to injure the Plaintiff.

118. The policy only applied to the Plaintiff an African American.

119. The Defendant acted with malice, willful and wanton conduct and/or acted with reckless disregard for Plaintiff's federally protected constitutional and civil rights, thereby subjecting Defendant to punitive damages.

120. As a direct and proximate result of the unlawful conduct of the Defendant as aforesaid, Plaintiff has suffered and will continue to suffer irreparable injury, including but not limited to humiliation, significant psychological and emotional trauma.

14

121. As a direct result and proximate result of the unlawful conduct of the Defendant, Plaintiff has suffered damages and losses as described herein entitling him to compensatory and special damages, in amounts to be determined at trial.

122. Plaintiff is further entitled to attorneys' fees and cost pursuant to 42 U.S.C. §1988, pre-judgment interest and costs as allowable by federal law.

WHEREFORE, Plaintiff requests judgment against the Defendant for monetary and compensatory damages in an amount in excess of the jurisdictional limits of said Court, plus court cost, interest, attorneys' fees, declaratory and prospective injunctive relief, and other damages as the Court deems appropriate.

## COUNT II

### VIOLATION OF 42 U.S.C. §1983 (VIOLATION OF FOURTEENTH AMENDMENT – EQUAL PROTECTION CLAUSE)

### (Plaintiff vs. Defendant Foy)

123. The Plaintiff incorporates by reference the allegations of preceding paragraphs one (1) through one hundred and twenty-two (122) as though set forth at length herein.

124. The Fourteenth Amendment provides in relevant part that "[n]o State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

125. Defendant Foy, individually and acting in his official capacity as a decisionmaker and Sheriff of Venango County, willfully, knowingly, and purposefully, with the intent to deprive the Plaintiff of his rights, privileges and immunities secured by the Constitution and the laws of the

15

United States adopted a non-judicial policy of Defendant Kirtland, in violation of 42 U.S.C. §1983, designed to deprived Plaintiff of his Fourteenth Amendment Equal Protection rights.

126. Defendant Foy is not entitled to quasi-immunity for adopting a non-judicial policy.

127. Defendant Foy, a decision maker, authorized to make policies on behalf of Defendant Venango County policy, willfully, knowingly, and purposefully, created a policy that required the Plaintiff to be seized and not permitted to exit the Courthouse, with the intent to deprive the Plaintiff of his rights, privileges and immunities secured by the Constitution and the laws of the United States, in violation of 42 U.S.C. §1983, deprived Plaintiff of his Fourteenth Amendment Equal Protection rights.

128. Defendant Foy is not entitled to qualified immunity for a implementing an unconstitutional policy that violated Plaintiff's clearly established constitutional rights.

129. Plaintiff is an African American and a member of a protected class.

130. Plaintiff received differential treatment and was treated differently than members not in a protected class that were similarly situated.

131. The policy implemented by Defendant Foy, individually, and as decision makers on behalf of Venango County, was the product of purposeful discrimination and demonstrated that Plaintiff received different treatment than Caucasian patrons and employees who were similarly situated.

132. The selective treatment of Plaintiff was motivated by an intention to discriminate against him on the basis of race.

133. The selective treatment of Plaintiff was malicious or in bad faith with the intent to injure the Plaintiff.

134. The policy only applied to the Plaintiff an African American.

16

135. The Defendants acted with malice, willful and wanton conduct and/or acted with reckless disregard for Plaintiff's federally protected constitutional and civil rights, thereby subjecting Defendant to punitive damages.

136. As a direct and proximate result of the unlawful conduct of the Defendants as aforesaid, Plaintiff has suffered and will continue to suffer irreparable injury, including but not limited to humiliation, significant psychological and emotional trauma.

137. As a direct result and proximate result of the unlawful conduct of the Defendant, Plaintiff has suffered damages and losses as described herein entitling him to compensatory and special damages, in amounts to be determined at trial.

138. Plaintiff is further entitled to attorneys' fees and cost pursuant to 42 U.S.C. §1988, pre-judgment interest and costs as allowable by federal law.

WHEREFORE, Plaintiff requests judgment against the Defendant for monetary and compensatory damages in an amount in excess of the jurisdictional limits of said Court, plus court cost, interest, attorneys' fees, declaratory and prospective injunctive relief, and other damages as the Court deems appropriate.

### COUNT III

### VIOLATION OF 42 U.S.C. §1983 (VIOLATION OF FOURTEENTH AMENDMENT – EQUAL PROTECTION CLAUSE)

### (Plaintiff vs. Defendant County of Venango)

139. The Plaintiff incorporates by reference the allegations of preceding paragraphs one (1) through one hundred and thirty-eight (138) as though set forth at length herein.

140.  The Fourteenth Amendment provides in relevant part that "[n]o State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

141.  Local municipalities and governmental bodies are "persons" under Section 1983.

142.  Liability against a governmental unit may exist under Section 1983 where a Plaintiff's constitutional rights were violated based on a governmental custom, even if the custom has not been formally sanctioned.

143. The defendant is responsible for the policies, practices, and actions of Defendants' Kirtland and Foy that violated the equal protection clause.

144. Defendant Foy, acting in his official capacity as a decisionmaker and Sheriff of Venango County, willfully, knowingly, and purposefully, with the intent to deprive the Plaintiff of his rights, privileges and immunities secured by the Constitution and the laws of the United States adopted a non-judicial policy and implemented a formal policy on behalf of Venango County to seize the Plaintiff, in violation of 42 U.S.C. §1983, designed to deprived Plaintiff of his Fourteenth Amendment Equal Protection rights.

145. Defendant Kirtland, acting in his official capacity as a decision maker on behalf of Venango County, willfully, knowingly, and purposefully, with the intent to deprive the Plaintiff of his rights, privileges and immunities secured by the Constitution and the laws of the United States adopted a non-judicial policy in violation of 42 U.S.C. §1983, designed to deprived Plaintiff of his Fourteenth Amendment Equal Protection rights.

146. Plaintiff is an African American and a member of a protected class.

147. Plaintiff received differential treatment and was treated differently than members not in a protected class that were similarly situated.

148. The policy implemented by Defendants Kirtland and Foy, were the product of purposeful discrimination and demonstrates that Plaintiff received different treatment than Caucasian patrons and employees who were similarly situated.

149. The selective treatment of Plaintiff was motivated by an intention to discriminate against him on the basis of race.

150. The selective treatment of Plaintiff was malicious or in bad faith with the intent to injure the Plaintiff.

151. The policy only applied to the Plaintiff an African American.

152. Defendants Kirtland and Foy acted with malice, willful and wanton conduct and/or acted with reckless disregard for Plaintiff's federally protected constitutional and civil rights, thereby subjecting Defendant to punitive damages.

153. As a direct and proximate result of the unlawful conduct, Plaintiff has suffered and will continue to suffer irreparable injury, including but not limited to humiliation, significant psychological and emotional trauma.

154. As a direct result and proximate result of the unlawful conduct, Plaintiff has suffered damages and losses as described herein entitling him to compensatory and special damages, in amounts to be determined at trial.

155. Plaintiff is further entitled to attorneys' fees and cost pursuant to 42 U.S.C. §1988, pre-judgment interest and costs as allowable by federal law.

**WHEREFORE**, Plaintiff requests judgment against the Defendant for monetary and compensatory damages in an amount in excess of the jurisdictional limits of said Court, plus court

cost, interest, attorneys' fees, declaratory and prospective injunctive relief, and other damages as the Court deems appropriate.

## COUNT IV

## (FOURTH AMENDMENT – UNREASONABLE SEARCH AND SEIZURE)

## (Plaintiff vs. Defendants' Eric Foy and the County of Venango)

156.     The Plaintiff incorporates by reference the allegations of preceding paragraphs one (1) through one hundred and fifty-five (155) as though set forth at length herein.

157.     The Fourteenth Amendment provides in relevant part that "[n]o State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

158.     The Defendant, Eric Foy, a final decision maker, and Venango County, by and through their agents and employees, *i.e.*, deputy sheriff officers, acting under color of state law, acted willfully, knowingly, and purposefully, with the intent to deprive the Plaintiff of his rights, privileges and immunities secured by the Constitution and the laws of the United States, in violation of 42 U.S.C. §1983.

159.     Local municipalities and governmental bodies are "persons" under Section 1983.

160. Liability against a governmental unit may exist under Section 1983 where a Plaintiff's constitutional rights were violated based on a governmental custom, even if the custom has not been formally sanctioned.

161.     The Plaintiff was stopped, detained, seized, and otherwise invaded under circumstances where there was no probable cause, warrant or due process of all which violated the Fourth Amendment.

162. The Defendants acted willfully, knowingly, and purposefully and/or with deliberate indifference to deprive the Plaintiff of his constitutional rights.

163. The defendants are not entitled to quasi-immunity as the policy of Defendant Kirtland was a non-judicial act.

164. The defendants are not entitled to quasi-immunity or qualified immunity as it enacted its own unconstitutional policy to detained Plaintiff which exceeded the authority authorized under the judicial act and/or non-judicial act.

165. The defendants are not entitled to qualified immunity as they knew or should have known that Plaintiff had clearly established rights to be free from unreasonable seizure.

166. The acts or omissions of the Defendants, as described herein, deprived Plaintiff of his constitutional and statutory rights and caused him other damages.

167. Plaintiff is further entitled to attorneys' fees and cost pursuant to 42 U.S.C. §1988, pre-judgment interest and costs as allowable by federal law.

**WHEREFORE**, Plaintiff respectfully request judgment against the Defendants for monetary and compensatory damages in an amount in excess of the jurisdictional limit of said Court, plus court costs, interest, attorneys' fees, declaratory and prospective injunctive relief, and other damages as the Court deems appropriate.

## COUNT V

## CONSPIRACY TO VIOLATE PLAINTIFF'S FOURTH AND FOURTEENTH AMENDMENT RIGHTS

## (Plaintiff vs. Defendants' Kirtland, Foy, and County of Venango)

168. The Plaintiff incorporates by reference the allegations of preceding paragraphs one (1) through one hundred and one-hundred and sixty-seven (167) as though set forth at length herein.

169. Upon information and belief, the Defendants entered into a combination, agreement, or understanding with state actors to violate the Plaintiff's constitutional rights under the Fourth and Fourteenth Amendment by carrying out a policy to seize the Plaintiff and to violate the equal protection clause.

170. The Defendants each acted in furtherance of said agreement, combination, or understanding by cooperating in the unconstitutional seizure of the Plaintiff and in violating the equal protection clause.

171. The aforementioned agreement, combination or understanding violates 42 U.S.C. § 1983.

172. The Defendants acted intentionally to deprive the Plaintiff of his constitutional rights under the Fourth and Fourteenth Amendments, or in wanton and reckless disregard of those rights.

173. The Defendants' actions constituted an extreme departure from the ordinary standard of care and evidence a conscious indifference to the Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments.

174. The Plaintiff has suffered substantial harm as a result of the Defendants' conduct, including but not limited to, emotional and psychological pain and suffering, and injury to his reputation.

175. The Defendants acted willfully, knowingly, and purposefully and/or with deliberate indifference to deprive the Plaintiff of her constitutional rights.

176. As a result of the nature of Defendants' conduct, the Plaintiff is entitled to recover punitive damages against the Defendants.

177. Plaintiff is further entitled to attorneys' fees and cost pursuant to 42 U.S.C. §1988, pre-judgment interest and costs as allowable by federal law.

**WHEREFORE**, Plaintiff respectfully request judgment against the Defendant for monetary and compensatory damages in an amount in excess of the jurisdictional limit of said Court, plus court costs, interest, attorneys' fees, declaratory and prospective injunctive relief, and other damages as the Court deems appropriate.

## COUNT VI

## FIRST AMENDMENT RETALIATION

### (Plaintiff vs. Kirtland and The County of Venango)

178. The Plaintiff incorporates by reference the allegations of preceding paragraphs one (1) through one hundred and seventy-seven (177) as though set forth at length herein.

179. Defendant Kirtland implemented a non-judicial policy to retaliate against the Plaintiff for making a formal complaint against Defendant Fish.

180. The Defendants implemented a non-judicial policy, individually, and as a decision maker for Venango County, to retaliate against the Plaintiff for engaging in constitutionally protected speech that involved a violation of the Eighth Amendment of the United States' Constitution and Venango County's policy to deny defendants' bond.

181. The Plaintiff's statements were protected First Amendment activity.

182. The Defendants' retaliation was unlawful, objectively unreasonable, and would chill an ordinary person in the exercise of his First Amendment rights.

183. The Plaintiff suffered damages as a result of Defendants' conduct.

184. The Defendants acted willfully, knowingly, and purposefully and/or with deliberate indifference to deprive the Plaintiff of his constitutional rights.

185. As a result of the nature of Defendants' conduct, the Plaintiff is entitled to recover punitive damages against the Defendant.

**WHEREFORE**, Plaintiff respectfully request judgment against the Defendants for monetary and compensatory damages in an amount in excess of the jurisdictional limit of said Court, plus court costs, interest, attorneys' fees, declaratory and prospective injunctive relief, and other damages as the Court deems appropriate.

## COUNT VII

### FOURTEENTH AMENDMENT – LIBERTY INTEREST IN REPUTATION

### (Plaintiff vs. Kirtland, Roy, and County of Venango)

186. The Plaintiff incorporates by reference the allegations of preceding paragraphs one (1) through one hundred and eight-five (185) as though set forth at length herein.

187. The Plaintiff was assaulted by Judge Fish on two separate occasions.

188. The Defendants established a policy to discriminate against the Plaintiff.

189. The Defendants informed all County agencies that Plaintiff was a danger to the Court staff, the general public and other departments within the courthouse.

190. The Defendants inferred that the Plaintiff had engaged in threatening, harassing, and assaultive behavior.

191. The Defendant's inferred that the Plaintiff would attempt to enter the courthouse with a weapon.

192. The public notification was forwarded to Venango County Sheriffs, and shared with all the staff in the Courthouse, essential and non-essential, and others.

193. The notification was substantially and materially false.

194. The Defendants caused damages to Plaintiff including embarrassment, humiliation, mental and emotional distress, and loss of earning capacity.

24

195. The Defendants acted willfully, knowingly, and purposefully and/or with deliberate indifference to deprive the Plaintiff of his constitutional rights.

196. As a result of the nature of the Defendants' conduct, the Plaintiff is entitled to recover punitive damages against the Defendant.

197. The actions of the Defendants occurred as a result of a written policy, unwritten, or adopted polic(ies)..

WHEREFORE, Plaintiff respectfully request judgment against the Defendants for monetary and compensatory damages in an amount in excess of the jurisdictional limit of said Court, plus court costs, interest, attorneys' fees, declaratory and prospective injunctive relief, and other damages as the Court deems appropriate.

## COUNT VIII

### FOURTEENTH AMENDMENT
### SUBSTANTIVE AND PROCEDURAL DUE PROCESS

### (Plaintiff vs. Defendants)

198. The Plaintiff incorporates by reference the allegations of preceding paragraphs one (1) through one hundred and ninety-seven (197) as though set forth at length herein.

199. The Plaintiff has a protectable interest in his liberty.

200. The actions of Defendants violated the Plaintiff's Fourteenth Amendment rights to be secure in her person from unreasonable seizures.

201. The Defendants deliberately and arbitrarily abused their powers by seizing the Plaintiff, stopping him without probable cause, and detaining him for an unreasonable time.

202. The Defendants did not obtain a warrant to seize Plaintiff.

203. The Plaintiff was not provided with notice or an opportunity to defend against the deprivation of his liberty and that occurred without due process of law.

204. The Defendants' actions were arbitrary, irrational, objectively unreasonable, and tainted by improper motive.

205. The Defendants' actions were so egregious as to shock the conscience.

206. The Defendants' acted under the color of state law and grossly deprived Plaintiff of fundamental liberty interests.

207. The Defendants have wholly ignored procedural and substantive due process requirements in an unlawful campaign to harass, punish and embarrass the Plaintiff.

208. The Defendants acted willfully, knowingly, and/or purposefully, and with deliberate indifference to deprive the Plaintiff of his constitutional rights.

209. Due to the nature of the Defendants' conduct, the Plaintiff is entitled to recover punitive damages against the individual Defendants.

## **PRAYER FOR RELIEF**

**WHEREFORE**, in light of the foregoing, the Plaintiff respectfully requests the following relief:

(a) a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202 and 42 US.C. §1983 declaring the policy adopted by Venango County and against the Plaintiff is unconstitutional;

(b) nominal, compensatory, treble, and punitive damages in an amount to be proven at trial;

(c) an order awarding the Plaintiff the costs incurred in this litigation including attorney's fees pursuant to 42 U.S.C. §1988; and,

(d) such other relief as the Court deems just and proper.

## **JURY DEMAND**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, the Plaintiff demands a jury on all issues.

Respectfully submitted,

/s/ Stanley T. Booker

Stanley T. Booker